UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MARTIN COX,**

*Plaintiff,*

v.

**BUREAU OF PRISONS,**

*Defendant.*

Case No. 1:20-cv-0887-RCL

## MEMORANDUM OPINION

Plaintiff Martin Cox brought this Freedom of Information Act ("FOIA") claim against defendant, the Federal Bureau of Prisons ("BOP"), after submitting a FOIA request for nine BOP personnel oath-of-office documents. ECF No. 1. Defendant has now provided all nine of those documents to the plaintiff, subject only to the redaction of handwritten BOP personnel signatures. ECF No. 43-1. Defendant first moved for partial summary judgment after producing seven documents, ECF No. 39, then filed a supplemental motion for summary judgment on all counts when it produced the final two documents. ECF No. 43. Plaintiff opposed their initial motion for partial summary judgment, ECF No. 40, but did not reply to their supplement. In consideration of defendant's motion, the opposition, and the record therein, this Court will **GRANT** defendant's motion for summary judgment.

### I. BACKGROUND

Plaintiff first submitted his FOIA request to defendant on July 22, 2015, seeking the oaths of office for nine BOP personnel. ECF No. 39-3 ¶ 1. At the time, plaintiff was "housed at Yazoo City Complex (Low) in Yazoo City, Mississippi" and initiated the request to "know if these individuals were indeed [BOP] employees." ECF No. 1 at 1. The request was not accompanied by

1

a privacy waiver signed by any of the nine BOP personnel. ECF No. 39-3 ¶ 3. In a letter to plaintiff on July 28, 2015, defendant acknowledged the request, assigned the request number 2015-06724, and told plaintiff to contact them if their understanding of the request, as reflected in the letter, was incorrect. ECF No. 39-2 ¶ 5. That letter also included language apparently irrelevant to plaintiff's request: "I must advise you that your request for these documents to be sent to the U.S. Department of Health and Human Services . . . absent any documentation verifying that this agency has specifically requested these documents will not be granted." *Id.* This language further advised plaintiff that the documents would be sent directly to him, not the agency. *Id.* Defendant characterizes this language as being carried over from a prior response letter in error. *Id.* Plaintiff responded asking for the requested documents to be sent to him, expressing confusion at the language regarding the Department of Health and Human Services. *Id.* ¶ 6.

On August 21, 2015, defendant responded to the FOIA request, explaining that the information plaintiff requested was not subject to access under the Privacy Act and would be withheld pursuant to 5 U.S.C. § 552(b)(6) and § 552(b)(7)(C). *Id.* ¶ 7. Defendant accordingly refused to conduct a search. *Id.* Plaintiff appealed to the Office of Information Policy, which affirmed defendant's actions pursuant to Exemption 6. *Id.* ¶ 8–10. Plaintiff then filed the present lawsuit. ECF No. 39-3 ¶ 13.

Plaintiff originally filed this action in the Eastern District of Kentucky, ECF No. 1, where the district court dismissed it *sua sponte* for failure to state a claim and as frivolous, ECF No. 7. The Sixth Circuit vacated this judgment and remanded the case. ECF No. 14. Plaintiff then moved to transfer to the District of Columbia, and the Eastern District of Kentucky granted the motion. ECF Nos. 15, 21, 23.

On November 4, 2020, defendant disclosed redacted oath-of-office documents for six individuals. ECF No. 39-2 ¶ 13. It later determined one of the documents pertained to the wrong individual and replaced it with the correct document, along with an additional responsive oath of office for a seventh individual on December 7, 2020. ECF No. 39-2 ¶ 13. The final two oath-of-office documents were disclosed to plaintiff on March 26, 2021, and April 28, 2021, respectively. ECF No. 43-3 ¶ 18–19. The only things redacted from these nine documents were the handwritten BOP employee signatures. *Id.* ¶ 20.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is "no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden is placed on the party moving for summary judgment. *Celotox Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Most FOIA cases are resolved at the summary judgment stage. *Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). Agencies typically submit sworn declarations explaining the basis for any redactions or withholdings. *Lukas v. Federal Comm. Commission*, No. 1:19-cv-465 (RCL), 2020 WL 1065700, at *3 (D.D.C. March 5, 2020). These declarations are entitled to a presumption of good faith, which cannot be rebutted by mere speculation on the part of the plaintiff. *Id.* If a Court determines that "an agency has released all non-exempt material, it has no further judicial function to perform under FOIA" and any claims based on the non-exempt disclosed material must be dismissed. *Id.*

## III. DISCUSSION

Plaintiff does not dispute that defendant has surrendered the requested oaths of office. *See* ECF No. 40. Instead, he argues (1) that oath-of-office signatures in question are improperly

3

redacted, and (2) that defendant employed stall tactics to unreasonably delay disclosing material. *Id*. at 9–11, 13.

The Court first turns plaintiff's claim regarding the redacted information. The "sole information redacted from responsive documents" were the handwritten signatures of the BOP personnel included in the documents. ECF No. 39-1 at 7. Defendant withheld these signatures under FOIA Exemption 6, 5 U.S.C. § 552(b)(6), which exists to protect individuals from the unnecessary disclosure of their personal information. *Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 599 (1982). Exemption 6 allows agencies to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Here, defendant proffered facts indicating that the requested documents are in the BOP employees' personnel files, ECF No. 39-2 at ¶ 13, falling neatly within this statutory definition.[1]

Since the Court has determined that the requested documents are included in personnel or similar files, it next must determine whether their disclosure would constitute a "clearly unwarranted invasion of privacy." *Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1228 (D.C. Cir. 2008). If no privacy interest is implicated, disclosure is required. *Id*. at 1229. But if there is a substantial privacy interest—anything beyond a *de minimis* privacy interest—then the Court will inquire whether the invasion of that privacy is outweighed by the public interest in disclosure. *Id*.

Defendant argues, and the Court agrees, that the invasion of privacy from publicly disclosing handwritten signatures is substantial. Defendant noted in a declaration by Supervising

---

[1] Plaintiff seems to dispute that the oaths of office are kept in personnel files, ECF No. 40 at 15, but fails to provide any evidence beyond merely questioning the truthfulness of defendant's evidence. Without a showing of a genuine dispute and in light of the presumption of good faith the Court is required to give defendant's declarations, *Lukas*, 2020 WL 1065700, at *3, the Court will credit defendant's representation.

4

Attorney Joshua Robles that federal inmates have "filed false liens after obtaining copies of federal employees' oaths of office, which include employee signatures." ECF No. 39-2 ¶ 16. Anyone could easily forge a BOP employee's signature once they acquire a copy. *Id.*

In contrast with this substantial invasion, there is no public interest in the disclosure of these signatures. For the purposes of FOIA, public interest includes information that sheds light on an agency's inner workings or lets citizens know "what their government is up to." *Lepelletier v. Fed. Deposit Ins. Corp.*, 164 F.3d 37, 27 (D.C. Cir. 1999) (quotation marks omitted). This Court, like other courts in this District in the past, "cannot see how disclosing [the employees'] signature[s] would inform citizens about the inner workings of their government." *Pinson v. Dep't of Just.*, 313 F. Supp. 3d 88, 111 (D.D.C. 2018). And since any privacy interest, even a modest one, "outweighs nothing every time," Exemption 6 applies here. *Id.* (quoting *Billington v. Dep't of Just.*, 245 F. Supp. 2d 79, 86 (D.D.C. 2003)).

Plaintiff's second claim for unnecessary delay is moot. This Circuit has made clear that after the "requested records are surrendered, federal courts have no further statutory function to perform." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982). A federal court only has power to "enjoin the agency from withholding agency records" and "order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). "Once records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made." *Crooker v. State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980). Accordingly, any allegations plaintiff makes regarding improper delay or stall tactics are irrelevant here.

Reviewing the record at hand, the Court determines that defendant has released all information to the plaintiff that FOIA obligates it to release. The handwritten signatures were properly redacted under Exemption 6 to protect the individuals in question from an unwarranted

invasion of privacy. In the absence of any genuine dispute of material fact and considering that defendant has fulfilled its FOIA obligation, defendant is entitled to judgment as a matter of law. A final order granting defendant's motion for summary judgment accompanies this memorandum opinion.

## IV. CONCLUSION

For the foregoing reasons, defendant's request for summary judgment will be **GRANTED** by separate order.

Date: September 24, 2021

                                                                        Hon. Royce C. Lamberth
                                                                        United States District Judge